FILED

AUG 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50545 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01108-RGK-1 |
| v. | |
| EDWARD VALENZUELA, AKA Juan Moiena Sandoval, AKA Edward Valenzuela Soto, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 9, 2012
Pasadena, California

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Edward Valenzuela appeals his conviction in trial by jury of making a false

statement in a passport application in violation of 18 U.S.C. § 1542, and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  We have

jurisdiction under 28 U.S.C. § 1291, and affirm.

The district court did not abuse its discretion by admitting certified copies of

FBI fingerprint cards.  The fingerprint cards were admissible under the public

records exception to the hearsay rule.  Fed. R. Evid. 803(8); *United States v.*

*Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005).  The names and notations about

Valenzuela's prior removals on the cards fell within the public records exception

because they are routine, objective matters.  *Weiland*, 420 F.3d at 1075; *United*

*States v. Gilbert*, 774 F.2d 962, 965 (9th Cir. 1985) (per curiam).  Because the

fingerprint cards were admissible under the public records exception, their

admission under the business records exception was not reversible error.  *Weiland*,

420 F.3d at 1074; *United States v. Loyola-Dominguez*, 125 F.3d 1315, 1318 (9th

Cir. 1997).

The district court also did not abuse its discretion by admitting Special

Agent Matthew Ciesla's testimony about the fingerprint cards.  Ciesla's testimony

about his agency's "routine practice" of recording information on fingerprint cards

was admissible under Federal Rule of Evidence 406.  That Ciesla testified about

fingerprint cards from 1974 but did not begin working for the agency until 1996

goes to the weight of Ciesla's testimony, not its admissibility.  Defense counsel

2

highlighted this fact at trial, and the jury was able to weigh the testimony accordingly.

The prosecutor's implicit assertion during closing argument that a father's U.S. citizenship passes "automatically" to his children was a misstatement of the law. *See* 8 U.S.C. § 1409(a). This misstatement, however, did not constitute plain error. The misstatement was isolated, the prosecutor did not misstate the law governing the charged crimes, and the district court instructed the jury that the prosecutor's statements during closing argument were not evidence. *See United States v. Moreland*, 622 F.3d 1147, 1162–63 (9th Cir. 2010).

The district court did not abuse its discretion by denying Valenzuela's motion for a mistrial based on Special Agent Robert Baggett's improper reference to illegal entry and alien smuggling. Although referring to illegal entry and alien smuggling was potentially prejudicial, it was not an explicit statement that Valenzuela had been suspected of or charged with illegal entry or alien smuggling. *See United States v. Frederick*, 78 F.3d 1370, 1376 (9th Cir. 1996). More importantly, the district court immediately struck Baggett's improper statement and instructed the jury not to consider it. The district court declined to find that the statement was intentional misconduct, and at the close of the evidence gave a second curative instruction that the stricken testimony was not evidence and must

3

not be considered. Because we presume that jurors follow instructions, we conclude that the district court's instructions were sufficient to cure any prejudice to Valenzuela. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987); *United States v. Parks*, 285 F.3d 1133, 1141 (9th Cir. 2002); *United States v. Escalante*, 637 F.2d 1197, 1202–03 (9th Cir. 1980).

Finally, there was no cumulative error warranting reversal. *See United States v. Karterman*, 60 F.3d 576, 579–80 (9th Cir. 1995).

**AFFIRMED.**